UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER H.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. C20-94-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ erroneously rejected her testimony and failed to properly develop the record. Dkt. 23 at 1. The Court finds the ALJ harmfully erred and **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**A.      Plaintiff's Testimony**

The ALJ did not find malingering and thus was required to making specific findings stating clear and convincing reasons supported by substantial evidence to reject plaintiff's testimony. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). Plaintiff suffers from fibromyalgia, migraine headaches, gastrointestinal problems and chemical sensitivities. She testified these conditions limit her in different ways. Fibromyalgia causes to her hurt all over,

1    fatigues her, affects her ability to concentrate and recall things and exacerbates her depression.

2    She has migraine headaches 4 to 5 times a week, causing her to lie down for about 4 hours due to

3    nausea and light and noise sensitivity. Her gastrointestinal problems cause nausea, vomiting and

4    stomach pain. Her chemical sensitivity causes dizziness and rashes and problems with cleaning

5    products, hair care items, some foods, car exhaust and smoke.

6        The ALJ rejected plaintiff's testimony noting the medical record shows objective

7    findings and some treatment but does not support plaintiff's testimony about the severity of her

8    limitations. Tr. 84. Plaintiff argues the lack of "objective" evidence alone is not a valid ground to

9    reject her testimony. Dkt. 23 6-7.

10       Plaintiff is correct the ALJ may not reject plaintiff's testimony solely for lack of

11    supporting objective medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

12    But that is not what the ALJ did. Rather, the ALJ noted there were "objective findings" but

13    plaintiff's treatment notes indicated plaintiff was "in no distress"; plaintiff had unremarkable

14    physical examinations; plaintiff received "conservative treatment" or infrequent treatment; tests

15    showed "diffuse colitis with descending colon" but no perforation, abscess or abnormality of the

16    appendix; and plaintiff worked while she had gastrointestinal problems and there is no evidence

17    of worsening since the alleged onset date there is no evidence of worsening. *Id.*

18       The ALJ thus found plaintiff's symptom testimony was inconsistent with the opinions

19    and records of her medical providers. This is a valid reason to reject plaintiff's testimony if

20    supported by substantial evidence. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)

21    (ALJ may reject claimant's testimony as inconsistent with the testimony from physicians).

22       Plaintiff contends substantial evidence does not support the ALJ's findings. The ALJ

23    found plaintiff's records showed she was in no acute distress and displayed generally alert

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 2

1   mental status. *See* Tr. 84. The finding implies the record shows plaintiff is generally well. But the

2   record, including the lengthy list of record citations provided by the Commissioner paints a

3   different picture. *See* Tr. 569 (acute intractable headache; positive for dizziness, light-headedness

4   and headaches); Tr. 576 (depression symptoms, loss of interest and pleasure, sadness, anxiety)

5   Tr. 586 (abdominal pain); Tr. 589 (non-focal, alert and oriented); Tr. 593 (has headaches all the

6   time, feels depressed and bad, sleep is poor); Tr. 595 (has obvious psychomotor retardation and

7   flat affect); Tr. 597 (has chronic body pain); Tr. 599 (chronic pain syndrome); Tr. 612 (has other

8   chronic pain, pain in both knees); Tr. 632 (patient has been nauseated for months and woke up

9   this morning vomiting); Tr. 654 (plaintiff's mother called saying plaintiff not doing well, dizzy,

10  intense muscle aches and nausea); Tr. 670 (no acute distress); Tr. 680 (negative for depression,

11  anxiety); Tr. 682 (not in distress); Tr. 690 (presented with significant abdominal discomfort); Tr.

12  693 (non-focal, alert); Tr. 697 (no acute distress); and Tr. 702 (not in acute distress). The ALJ's

13  finding that the record showed plaintiff was not in acute distress regarding her complaints of

14  pain, nausea, headaches, is thus not supported by substantial evidence and not grounds to reject

15  her testimony.

16       Regarding plaintiff's mental health symptoms, the ALJ discounted plaintiff's testimony

17  about symptoms caused by depression and anxiety. The ALJ determined plaintiff's symptoms

18  were related to situational stressor including relationship difficulties and financial problems. Tr.

19  84. The Commissioner defends this determination citing to *Chesler v. Colvin*, 649 Fed. Appx.

20  631, 632 (9th Cir. 2016). Substantial evidence does not support a finding that plaintiff's mental

21  problems are, as the *Chesler* Court found, situational in the sense they are "unlikely to persist."

22  There is no evidence plaintiff's mental problems will not persist. Rather the ALJ found that these

23  problems are severe impairments, and are documented in the medical record.

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 3

1    What the record shows, and what the ALJ appears to have intended, is plaintiff's mental

2  health symptoms worsened due to situational stressors. Except for this type of worsening, the

3  ALJ found plaintiff's ability to perform activities of daily living, her intact but limited cognitive

4  testing, and the opinions of the reviewing doctors showed she retained the ability to perform

5  gainful work activity despite persistent mental health problems. In reaching this conclusion, the

6  ALJ gave significant weight to the opinions of the reviewing doctors who found plaintiff could

7  perform simple repetitive tasks, would have occasional problems maintaining pace without a

8  routine, and that she was limited to superficial contact with others. Tr. 86.

9    Plaintiff has not shown the reviewing doctors' opinions are incorrect or the ALJ erred by

10  relying on the opinions in discounting her testimony. In short the ALJ found plaintiff's mental

11  health symptoms limited her but not to the extent plaintiff claimed. Based upon the medical

12  records and the opinions of the reviewing doctors, the ALJ arrived at a RFC determination

13  reflecting the reviewing doctors' opinions and finding plaintiff could perform simple repetitive

14  tasks, could have only superficial interaction with others, would be off-task but for less than 10%

15  of the time, and needed a work environment that was routine and predictable. Tr. 82.

16    The ALJ also discounted plaintiff's testimony on the grounds she received conservative

17  or infrequent treatment. Substantial evidence does not support the finding. As plaintiff points out,

18  the record shows plaintiff repeatedly sought medical treatment, some medical referrals did not

19  work out through no fault of her own, and that fibromyalgia, migraine headaches and colitis are

20  chronic conditions that once diagnosed do not necessarily call for frequent treatment. There is

21  nothing in the record that supports a finding that plaintiff's treatment was conservative, i.e. that

22  the quality of treatment she received is not commensurate or inconsistency with her symptom

23  testimony. complaints. Plaintiff also argues, and the record indicates, at times she was barred

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 4

1   from additional medical treatments because her insurance would not cover the tests or treatments

2   recommended.

3          The ALJ also rejected plaintiff's testimony about colitis symptoms finding plaintiff  has

4   "diffuse colitis with descending colon," but no perforation, abscess or abnormality of the

5   appendix; and plaintiff worked while she had gastrointestinal problems and there is no evidence

6   of worsening since the alleged onset date there is no evidence of worsening. The ALJ provided

7   no explanation why plaintiff's "diffuse colitis with descending colon," could not cause her

8   symptoms. Rather the ALJ found her impairments "could reasonably be expected to cause some

9   of her alleged symptoms." Tr. 84. The finding is thus unsupported and erroneous.

10         Plaintiff's ability to work for most of her adult life with gastrointestinal problems alone is

11  insufficient grounds to reject her testimony. The existence of a condition before the alleged onset

12  date does not automatically mean the condition became disabling following the onset date. The

13  parties spar over whether plaintiff's condition has worsened after the onset date. But even

14  assuming plaintiff's arguments are reasonable, the Court cannot say the ALJ's determination is

15  unreasonable. In such a situation the Court is required to uphold the ALJ's determination.

16  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.2008) (When the evidence is susceptible to

17  more than one rational interpretation, the Court must uphold the ALJ's findings if they are

18  supported by inferences reasonably drawn from the record.).

19         In sum, the court affirms the ALJ's findings regarding plaintiff's testimony regarding her

20  mental health symptoms and her gastrointestinal symptoms and reverses the findings regarding

21  plaintiff's migraine pain and fibromyalgia pain symptoms.

22  /

23  /

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 5

1

2

**B.      Development of the Record**

Plaintiff contends the ALJ should have recontacted examining doctor Rejoice Opara,

3

M.D. rather than rejecting her opinion as vague. Dkt. 23 at 12. The ALJ has an independent

4

duty to fully and fairly develop the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150

5

(9th Cir. 2001). The ALJ's duty to develop the record is triggered if there is ambiguous

6

evidence or if the record is inadequate to allow for proper evaluation of the evidence. *Mayes v.*

7

*Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan, supra*, 242 F.3d at 1150.

8

Dr. Opara opined plaintiff's ability to maintain attendance, complete a normal workday,

9

interact with coworkers, superiors and the public, and adapt to stresses encountered in the

10

workplace is **limited.** Tr. 629. The ALJ stated "[t]he undersigned finds Dr. Opara's opinion

11

somewhat vague – with areas of functioning described as 'limited' but without the degree of

12

limitations specified or described – and therefore entitled to little weight." Tr. 85.

13

The Commissioner argues the ALJ had no duty to recontact Dr. Opara because the doctor

14

failed to provide a useful statement on the degree of limitations. Dkt. 25 at 14. The argument

15

fails. There is no question Dr. Opara opined plaintiff was "limited." The opinion sets forth a

16

functional limitation and the ALJ was thus required to consider it, not merely reject it. Because

17

Dr. Opara set forth a functional limitation, it was critical for the ALJ to obtain clarification in

18

order to properly evaluate whether plaintiff can or cannot work based upon the fact she is

19

"limited." The ALJ failed to do and accordingly harmfully erred in simply rejecting Dr. Opara's

20

opinions as vague.

21

The Commissioner also argues the ALJ had no duty to recontact Dr. Opara because the

22

opinion was "a discretionary effort to develop plaintiff's record." This unsupported claim flies in

23

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 6

1   the face of the ALJ's duty to consider all relevant evidence, which includes the opinion of an

2   examining doctor who set forth a functional limitation.

3        The Commissioner defends the ALJ raising several arguments not relied upon by the

4   ALJ. *See* Dkt. 25 at 14. The Court rejects these arguments because it reviews the ALJ's decision

5   "based on the reasoning and findings offered by the ALJ—not post hoc rationalizations that

6   attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554

7   F.3d 1219, 1225 (9th Cir. 1995).

8        For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is

9   **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

10   On remand, the ALJ shall reassess plaintiff's testimony regarding her migraine pain and

11   fibromyalgia pain/fatigue symptoms, recontact Dr. Opara to clarify the extent of plaintiff's

12   limitations, develop the record and redetermine plaintiff's RFC as needed, and proceed to the

13   remaining steps as appropriate.

14        DATED this 7th day of December, 2020.

15

16                               BRIAN A. TSUCHIDA

17                               United States Magistrate Judge

18

19

20

21

22

23

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 7